JAMES H. FAULKNER, Retired Justice.
Frederick Dwight Jones was indicted for the offense of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The jury found Jones guilty as charged in the indictment and he was sentenced as a habitual felony offender to life imprisonment without the possibility of parole. Although 9 issues are raised on appeal, because we find reversible error, only one issue need be addressed herein.
Jones contends that the trial court’s refusal to allow defense counsel to examine a State’s witness on voir dire, outside the presence of the jury, regarding inculpatory testimony given by Jones in a co-defendant’s trial was reversible error. We agree.
During the State’s examination of its witness, Jep. H. Tallent, a police sergeant in investigation with the City of Decatur Police Department, the following exchange occurred:
(By Mr. Weathers, the prosecutor)
“Q. All right. Were you also present at a trial here in this Court on January 30th of this year involving a co-defendant?
“A. I was.
“Q. All right. At that time did you see the defendant take the stand as a witness?
“A. I did.
“Q. And prior to the defendant taking the stand as a witness, did you see him have an opportunity to confer with his attorney?
*918 “A. Yes, I did.
“Q. And do you recognize his attorney as being present in the courtroom?
“A. Yes, he is.
“Q. All right. And did the defendant testify in that case?
“A. Yes, he did.
“Q. All right. Do you recall what the defendant’s testimony was involving his participation in this crime?”
(By Mr. Lavender, defense counsel)
“MR. LAVENDER: We are going to object, Your Honor
“THE COURT: What grounds? On what grounds?
“MR. LAVENDER: Your Honor, if they are attempting to use testimony he made in another trial, I think we are entitled to have a transcript of that testimony. As far as having somebody come up here and testify to what he remembers, I don’t think that’s a fair, proper way to offer this testimony. On what he said.
“THE COURT: Do you have a transcript?
“MR. WEATHERS: No, sir, Your Honor. We were trying to get a transcript and Scott was unavailable.
“THE COURT: All right. Did you get that on the record, Mr. Reporter?
“THE COURT REPORTER: Yes, sir.
“THE COURT: Overruled.
“Q. (By Mr. Weathers) Officer Tal-lent, at that time you saw the defendant?
“A. I did.
“Q. And he was a witness in that case?
“A. He was.
“Q. All right. Do you recall his testimony involving his participation in this crime?
“A. I do.
“MR. LAVENDER: Your Honor, at this time we would like to be allowed to take this witness on voir dire.
“THE COURT: You got him.
“MR. LAVENDER: Can we. do that outside the presence of the jury, Your Honor?
“The Court: Come around here.
“(OFF THE RECORD DISCUSSION.)
“MR. LAVENDER: I have asked, requested to be able to take this witness on voir dire as to — he was asked some questions about conferring with his counsel, and what kind of advice he had as to whether or not he had a right or not to testify. I would like to go into those matters. I would also like to go into matters of what he remembers. It is our opinion that he can’t offer parts of some testimony.
“THE COURT: You can have him on voir dire for that purpose.
“MR. LAVENDER; May I do that outside of the presence of the jury, Your Honor?
“THE COURT: No, I don’t see any reason to have it outside the presence of the jury. If you want him on voir dire, you can have him on voir dire.
“MR. LAVENDER: Your Honor, we would like him on voir dire, • but we would request it be outside the presence of the jury. If the Court refuses that, then we would except to the Court’s ruling on that.
“THE COURT: All right. Go ahead.
“MR. LAVENDER: Your Honor, we also — did you rule on our objection as to his being able to testify, offering this testimony without a transcript of the testimony being made available?
“THE COURT: Have you made that objection?
“MR. LAVENDER: Yes, sir.
“THE COURT: All right. Overruled. I believe I did rule on that already.
“Q. (By Mr. Weathers) Investigator Tallent, I believe I had just asked you if you recall whether the defendant mentioned anything about his involvement in this robbery?
“A. Yes, he did.
“Q. And do you recall, did he testify that he was a member of the group that went in and robbed the store?
“MR. LAVENDER: Your Honor, we object to the District Attorney leading this witness.
*919 “THE COURT: Don’t lead.
“MR. WEATHERS: Your Honor, I’ll re-phrase it.
“MR. LAVENDER: We are also going to object to his asking him anything other than what he heard.
“THE COURT: All right. Don’t lead the witness.
“MR. WEATHERS: Very well, sir.
“Q. (By Mr. Weathers) What did you hear the defendant testify to?
“A. The defendant, Mr. Dwight Jones, took the stand in behalf of his girlfriend, Marie — Janet Marie Farrell, who was also charged in the same robbery, and at that time he stated that he committed the robbery and that he was the one that was armed and that Marie did not come into the store until he and the juvenile had already tied up Ms. Cannon and taken the money and her jewelry. At that time he stated that she did go into the store, but that was right at the last after the robbery had been committed. And that she did not take anything out of the store.
“Q. All right. Now prior to the defendant testifying was he advised that he didn’t have to testify? Do you recall that?
“A. He was, by his attorney, Mr. Lavender.
“MR. LAVENDER: Your Honor, I am going to object to that. I hate to give testimony, but the only time I talked to this man was in a private room. Now if he knows that, I am a little upset about it.
“THE COURT: Well, I don’t know how to rule on that.
“MR. WEATHERS: Your Honor, I withdraw the question.
“THE COURT: Well, it’s already been answered.
“MR. LAVENDER: I move to exclude it.
“THE COURT: All right. Granted, unless you can show this witness overheard that conversation.
“THE WITNESS: Your Honor, he stood right here—
“THE COURT: Wait just a minute. Let him ask you another question.
“THE WITNESS: Okay.
“Q. (By Mr. Weathers) Did you happen to hear the Judge tell the defendant that he did not have to testify?
“A. I did.
“MR. WEATHERS: I believe that’s all.
“THE COURT: Any cross?
“MR. LAVENDER: Yes, Your Honor. I need to approach the bench again.
“(OFF THE RECORD DISCUSSION.)
“THE COURT: Overruled.”
An accused is entitled to a hearing on the voluntariness of his confession, and the hearing should be conducted outside the presence of the jury if requested. Felder v. State, 470 So.2d 1321, 1326 (Ala. Cr.App.1984), aff'd, 470 So.2d 1330 (Ala. 1985), vacated on other grounds, 474 U.S. 976, 106 S.Ct. 376, 88 L.Ed.2d 330 (1985).
It is uncontroverted that defense counsel repeatedly requested that he be allowed to examine Tallent on voir dire outside the presence of the jury to determine the following information; 1) what Tallent remembered about Jones’s conferring with defense counsel at the co-defendant’s trial; 2) what advice, if any, Jones was given at the co-defendant’s trial on the subject of whether Jones had a right to testify at the co-defendant’s trial; and 3) what Tallent remembered from Jones’s testimony at the co-defendant’s trial.
This is certainly not a case of harmless error as the State contends. In effect, denying defense counsel the right to voir dire the witness outside the jury’s presence was tantamount to refusing to allow the voir dire examination at all. Defense counsel could not run the risk of prejudicing his own client by eliciting testimony the jury would never hear if the voir dire were conducted outside their presence and the objection to the admission of the inculpato-ry testimony thereafter sustained. Although Tallent testified that the trial court advised Jones that he need not testify at the co-defendant’s trial, defense counsel was precluded from examining Tallent out *920 side the jury’s presence to determine, 1) the content of any statements Tallent allegedly heard defense counsel tell Jones at the co-defendant’s trial and, 2) the content of all testimony Tallent heard Jones give at the co-defendant’s trial.
The trial court’s error in disallowing the voir dire examination of Tallent outside the jury’s presence was compounded by the fact that the State failed to introduce into evidence a transcript of Jones’s testimony from the co-defendant’s trial. Defense counsel repeatedly objected to the use of Tallent’s hearsay testimony in lieu of the transcript; which was clearly the best evidence of the confession, but the trial court overruled these objections based upon the prosecutor’s assertion that the transcript was “unavailable.” From aught that appears in the record, Tallent may have only been present for a portion of Jones’s testimony in the co-defendant’s trial, and defense counsel, who decided not to voir dire Tallent in the jury’s presence, was unable to cross-examine him concerning the balance of Jones’s testimony in the co-defendant’s trial.
We note, moreover, that the prosecution failed to lay the proper foundation for the admission of Tallent’s testimony concerning the confession. See Lewis v. State, 535 So.2d 228, 234 (Ala.Cr.App.1988).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.